UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HERMAN T. DOVE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 03-2156 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 31, 33, 37 |
| | : | | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : | | |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION

Denying Defendant Washington Metropolitan Area Transit Authority's Motion for Sanctions; Denying Defendant Local 689, Amalgamated Transit Union's Motion for Sanctions; and Denying the Defendants' Joint Amended Motion for Sanctions

I.   INTRODUCTION

This matter comes before the court on three motions for Rule 11 sanctions: one lodged by the defendant Washington Metropolitan Area Transit Authority ("WMATA"), the second lodged by Local 689, Amalgamated Transit Union ("Local 689" or the "Union"), and the third lodged jointly by the Union and WMATA. The plaintiff filed the instant action against WMATA on September 15, 2003, and subsequently added the Union as a defendant. On December 23, 2004, the plaintiff voluntarily dismissed all of his claims against the Union. On July 29, 2005, the court granted summary judgment to defendant WMATA. Because the court concludes that the plaintiff's conduct does not meet the threshold required to impose Rule 11 sanctions, it denies all of the defendants' motions for sanctions.

## II.   BACKGROUND

The court will restate only those facts necessary to resolve the pending motions.[1]  The plaintiff was employed by the defendant WMATA beginning in 1973.  Mem. Op. (Mar. 30, 2004) ("Mem. Op.") at 1.  WMATA terminated and subsequently reinstated the plaintiff's employment in 1997.  Mem. Op. at 2; *see also Dove v. Wash. Metro. Area Transit Auth.*, 1999 U.S. Dist. LEXIS 12443, at *1 (D.D.C. Aug. 5, 1999).  As a condition of the plaintiff's reinstatement, the Union agreed with WMATA that the plaintiff's employment would be terminated if another customer complaint was filed against him.  Def. WMATA's Mot. at 3.  In April 2002, a customer filed a complaint against the plaintiff and his employment was terminated.  Def. WMATA's Mot. at 3.

On September 15, 2003, the plaintiff filed the instant action in the Superior Court for the District of Columbia.  Mem. Op. at 2.  WMATA later removed the action to this court.  Not. of Removal (citing D.C. Official Code § 9-1107.01(81) (granting the federal district courts original jurisdiction over all claims against WMATA)).  The plaintiff amended his complaint on July 27, 2004, to modify his claims and to add the Union as a defendant.  His amended complaint alleges wrongful termination, defamation and libel, unfair labor practices, and conspiracy on the part of WMATA, as well as conspiracy, breach of contract, and false representation by Local 689.  *See generally* Am. Compl.

On December 23, 2004, the plaintiff and the Union filed a Stipulation of Dismissal whereby the plaintiff voluntarily dismissed with prejudice all of his claims against the Union.

---

[1]  Extensive background information is located in prior memorandum opinions the court issued in this case.  *See* Mem. Op. (Jul. 29, 2005); *Dove v. Wash. Metro. Area Transit Auth.*, 2004 U.S. Dist. LEXIS 8394 (D.D.C. Mar. 30, 2004).

Stipulation of Dismissal with Prejudice ("Dismissal") at 1. The Union retained the right to file a motion for Rule 11 sanctions against the plaintiff, which it did on January 4, 2005. *See generally* Def. Local 689's Mot. for Sanctions (Jan. 4, 2005) ("Def. Local 689's Mot."). On January 10, 2005, WMATA moved for summary judgment as to all of the plaintiff's claims against it, which the court granted on July 29, 2005. In addition, WMATA moved for Rule 11 sanctions against the plaintiff on February 8, 2005. Def. WMATA's Mot. for Sanctions (Feb. 8, 2005) ("Def. WMATA's Mot."). On July 28, 2005, the defendants filed an amended joint motion for sanctions. Def. WMATA & Def. Local 689's Am. Mot. for Sanctions ("Jt. Mot."). The court now addresses the three Rule 11 motions in turn.

### III.   ANALYSIS

#### A.   Legal Standard for a Motion for Rule 11 Sanctions

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no] evidentiary support[; or] the denials of factual contentions are [un]warranted on the evidence[.]" FED. R. CIV. P. 11(b). There are procedural and substantive requirements set forth in the Rule that must be met before a court may impose sanctions. *See Edmond v. United States Attorney*, 959 F. Supp. 1, 5 (D.D.C. 1997); *see generally* 2-11 Moore's Federal Practice § 11.23 (2004).

Rule 11 mandates that sanctions be imposed only "after notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c); *see also Nuwesra v. Merrill Lynch, Fenner &*

*Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999) (discussing the due process requirements prior to imposing sanctions that "a sanctioned attorney must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter").  Rule 11 also requires that "[a] motion for sanctions . . . shall be served [on the opposing party] . . . and shall not be filed unless, within 21 days after service of [such] motion, . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  FED. R. CIV. P. 11(c)(1)(A); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that the court was precluded from granting the plaintiff's Rule 11 sanctions motion because the plaintiff failed to serve the motion on the defense counsel, which deprived the defense counsel of the 21 day safe harbor to withdraw or correct the alleged offending conduct); *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 176 F.R.D. 1, 2 (D.D.C. 1997) (concluding that "the government's letter to petitioners' counsel [was] too tentative to provide the functional equivalent of 'safe harbor' notice").

     Rule 11 also requires that a motion for sanctions be filed separately from other motions or requests and describe the specific conduct that is allegedly deserving of sanctions.  FED. R. CIV. P. 11(c)(1)(A); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1323, 1328 (2d Cir. 1995) (denying a request for sanctions that the movant included in his motion to dismiss); *S.E.C. v. Rivlin*, No. 99-1455, 1999 WL 1455758, at *6 (D.D.C. 1999) (denying Rule 11 sanctions because the motion was added to the end of the amended answer).

     As for the substantive requirements of Rule 11, the court applies "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings."  *Bus. Guides, Inc. v. Chromatic Communications Enterprises*, 498 U.S. 533, 554 (1991).  The imposition of Rule 11

sanctions is not something the court takes lightly; Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings. *Trout v. Garrett*, 780 F. Supp. 1396, 1428 (D.D.C. 1991) (noting that "the blunt instrument of sanctions against individual attorneys ought to be applied with restraint"). When a party's motion is "sufficiently well grounded and warranted by existing law," the party's failure to sustain his or her burden of proof on the motion "does not ipso facto violate the standards of Rule 11." *Bantefa v. Tyson*, No. CIV.A. 84-3937, 1987 WL 8710, at *1 (D.D.C. 1987) (denying the defendant's motion for sanctions that was filed in response to plaintiff's unsuccessful motion for relief from judgment). Similarly, where a party's "request for a stay of proceedings is based upon good faith assessments and due diligence efforts," sanctions are inappropriate under the substantive requirements of Rule 11. *Edmond*, 959 F. Supp. at 5 (finding that there was a lack of malicious motive in the defendant's request for a stay of the proceedings). On the other hand, a district court does not abuse its discretion when it imposes Rule 11 sanctions against a defendant whose counterclaims are designed primarily to harass the plaintiff. *Marina Mgmt. Services, Inc. v. Vessel My Girls*, 202 F.3d 315, 325 (D.C. Cir. 2000) (finding sanctionable a defamation counterclaim "which included allegations not necessarily integrally linked to the legitimacy of the debt recovery action"); *see also Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 43-44 (D.C. Cir. 1990) (affirming the district court's finding that the defendant "failed to make a reasonable inquiry into the factual basis of the amended complaint" and upholding the imposition of Rule 11 sanctions).

The court also has the authority to impose Rule 11 sanctions *sua sponte*. FED. R. CIV. P. 11(c)(1)(B). This inherent power, as the D.C. Circuit recognized, "guard[s] against abuses of the judicial process." *Shepherd v. Am. Board. Co.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995). In this

regard, Rule 11 serves the purpose of protecting the court from "frivolous and baseless filings that are not well grounded, legally untenable, or brought with the purpose of vexatiously multiplying the proceedings." *Cobell v. Norton*, 211 F.R.D. 7, 10 (D.D.C. 2002) (quoting *Cobell v. Norton*, 157 F. Supp. 2d 82, 86 n.8 (D.D.C. 2001)). If the court determines that the motive and intent of the offending party is to harass the other party, or that a party has otherwise violated Rule 11(b), it has the inherent power to consider a Rule 11 sanctions motion *sua sponte* by issuing an order directing the offending party to show case why it has not violated Rule 11(b). FED. R. CIV. P. 11(c)(1)(B); *see McLaughlin v. Brandlee,* 602 F. Supp. 1412 (D.D.C.1985), *aff'd* 803 F.2d 1197 (D.C. Cir.1986). When the court exercises its discretion and imposes sanctions *sua sponte*, it is not required to provide the party with the safe harbor period, as is required in Rule 11(c)(1)(A). *Compare* FED. R. CIV. P. 11(c)(1)(B) (containing no explicit safe harbor provision) *with* FED. R. CIV. P. 11(c)(1)(A) (containing an explicit safe harbor provision); *see, e.g., Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (distinguishing between the safe harbor required when sanctions are requested by motion and the absence of the safe harbor requirement when the court is acting *sua sponte*). The court further notes that a frivolous Rule 11 sanction motion may itself be a violation of Rule 11. FED. R. CIV. P. 11.

Finally, this court has the "discretion to determine both whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation." *Cobell*, 211 F.R.D. at 10 (citations omitted). This court's grant or denial of a Rule 11 motion for sanctions is reviewed under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Geller*, 40 F.3d at 1303.

### 2.   The Court Denies WMATA's Motion for Rule 11 Sanctions

WMATA argues that the plaintiff's complaint and amended complaint are so riddled with deficiencies that the author is sanctionable. *See generally* Def. WMATA's Mot. First, the court rejects WMATA's request to impose sanctions based on claims contained only in the plaintiff's original complaint. Deficiencies in that complaint, which the plaintiff amended approximately one year ago to omit some of his claims against WMATA and modify others, does not warrant the extreme punishment of Rule 11 sanctions. *See Trout*, 780 F. Supp. at 1428.

With regard to the alleged deficiencies in the plaintiff's amended complaint, WMATA, repeating the arguments set forth in its motion for summary judgment, contends that there is "substantial evidence that the Plaintiff's litigation strategy is guided by something other than the law and the facts." *Id.* at 15-16; *see also* Def. WMATA's Mot. for Summ. J. The court disagrees. Although the claims contained in the plaintiff's amended complaint were sufficiently ill-founded to merit the granting of summary judgment, a consideration of Rule 11 sanctions involves more than an inquiry into the objective merits of a complaint. *See Cooter & Gell*, 496 U.S. at 401-402; *Westmoreland v. CBS*, 770 F.2d 1168, 1174 (D.C. Cir. 1985) (noting that the courts have wide discretionary power to impose Rule 11 sanctions because "they have tasted the flavor of the litigation" and are in the best position to make Rule 11 determinations.) Simply stated, the defendant fails to persuade the court that the plaintiff and his counsel did not exercise due diligence in investigating the plaintiff's allegations, or that they brought this action in an effort to harass WMATA or to frustrate judicial proceedings. For these reasons, the court denies WMATA's motion for Rule 11 sanctions.

### 3. The Court Denies Local 689's Motion for Rule 11 Sanctions[2]

The plaintiff contends that at the November 30, 2004 deposition, he became aware of certain facts that caused him to reevaluate his claims against the Union. Pl.'s Opp'n to Def. Local 689's Mot. ("Pl.'s Opp'n to Union") at 5. On December 7, 2004, the Union notified the plaintiff of its intention to move for Rule 11 sanctions, and the plaintiff withdrew his action against the Union within the 21-day safe harbor period. *Id.* at 4; *see also* Stipulation of Dismissal.

The intent of the safe harbor provision contained in Rule 11 is to "provid[e] protection against sanctions if [parties] withdraw or correct contentions after a potential violation is called to their attention." FED. R. CIV. P. 11(c) Advisory Committee Notes. Because the plaintiff dismissed all of his claims against the Union within the safe harbor period, the court concludes that imposing sanctions against him would frustrate the rule's purpose. *Id.*; *see also Long v. U.S. Dep't of Justice*, 207 F.R.D. 4, 7 (D.D.C. 2002) (stating that the defendant "adequately met its obligation [under Rule 11] by candidly admitting that errors exist[ed in its motion] and attempting to correct the mistakes . . . before plaintiffs filed their motion for sanctions"). Accordingly, the court denies Local 689's Rule 11 motion. Additionally, the factors that lead the court to deny WMATA's Rule 11 motion apply equally to the consideration of the Union's motion.

---

[2] As a preliminary matter, although the plaintiff has dismissed with prejudice all of his claims against defendant Local 689, Amalgamated Transit Union ("Local 689" or the "Union"), the court retains jurisdiction to hear the Union's motion for Rule 11 sanctions against the plaintiff relating to the plaintiff's already dismissed claims against the Union. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990).

### 4. The Court Denies Local 689 and WMATA's Joint Amended Rule 11 Motion

The court also denies defendants Union and WMATA's joint amended Rule 11 motion because there is no evidence that the defendants complied with the safe harbor procedural requirements of giving the opposing party "notice and a reasonable opportunity to respond[.]" FED. R. CIV. P. 11(c); *see also Nuwesra*, 174 F.3d at 92; *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (denying the defendant's Rule 11 motion in part because there was "no evidence in the record indicating that [the defendant] served [the plaintiff] with the request for sanctions 21 days before presenting it to the court").

Furthermore, even if the defendants had complied with the safe harbor requirement, the court would still deny the defendants' amended Rule 11 motion. While *Cote v. James River Corporation*, 761 F.2d 60 (1st Cir. 1985) – the case forming the entire basis amended motion – is factually similar to the instant action, it does not change this court's determination on the propriety of imposing sanctions against the plaintiff. Even if the *Cote* decision were binding authority in this district, the decision to impose sanctions depends on the totality of the circumstances and requires a case-by-case analysis. See *Cooter & Gell*, 496 U.S. at 401-402; *Westmoreland v. CBS*, 770 F.2d 1168, 1174 (D.C. Cir. 1985). Based on all of the circumstances described above, the court concludes that Rule 11 sanctions are not proper.

## IV.   CONCLUSION

For all the foregoing reasons, the court denies the motions for Rule 11 sanctions filed by WMATA and the Union individually and jointly.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of August 2005.

RICARDO M. URBINA
United States District Judge